IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COY E. DUNKLE, | ) | CASE NO. 3:11CV1413 |
| | ) | |
| Petitioner, | ) | JUDGE GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| KEITH SMITH, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Coy E. Dunkle ("Dunkle") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on July 12, 2011. Dunkle is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio vs. Dunkle*, Case No. 08 CR 030 (Williams County 2008). For the reasons set forth below, Dunkle's petition should be dismissed.

I.

The state appellate court reviewing Dunkle's conviction during his direct appeal found the following facts to be relevant to his case:

> [O]n November 20, 2008, following a plea of guilty to 49 counts of pandering sexually oriented matter involving a minor ("pandering"), in violation of R.C.

> 2907.322(A)(5), each a felony of the third degree, and four counts of illegal use of a minor in nudity-oriented material or performance ("illegal use of a minor"), in violation of R.C. 2907.323(A)(2), each a felony of the second degree, sentenced appellant, Coy E. Dunkle, to two years incarceration for each of the 49 pandering counts and three years for each count of illegal use of a minor, and ordered the sentences to run consecutively, for a total cumulative term of incarceration of 110 years.

*State v. Dunkle*, 2010 WL 877577 (Ohio App. March 12, 2010)

Dunkle timely appealed his sentence.  Dunkle raised two assignments of error in his direct appeal:

> A.  The trial court erred by sentencing appellant on all forty nine counts of pandering sexually oriented material involving a minor, where those forty-nine counts constituted allied offenses of similar import which were not committed separately or with separate animus.
>
> B.  The trial court erred by imposing consecutive sentences for forty nine counts of pandering in violation of the Eighth Amendment of the United States Constitution and section nine, Article I of the Ohio Constitution.

(Capitalization altered from the original.)  On November 9, 2009, the state appellate court remanded the case to the trial court for ten days for a revised sentencing entry that complied with Ohio Crim. R. 32(C).  On November 17, 2009, the trial court filed a revised sentencing entry, sentencing Dunkle to the same 110 year cumulative sentence as before.  The state appellate court reinstated the case on its docket on November 19, 2009 and, on March 12, 2010, affirmed the judgment of the trial court.

Dunkle filed in the Ohio Supreme Court a timely notice of appeal of the state appellate court's decision.  In his memorandum in support of jurisdiction, Dunkle asserted three propositions of law:

> A:  The trial court erred by sentencing appellant on all forty nine counts of pandering sexually oriented material involving a minor, where those forty nine counts constituted allied offenses of similar import which were not committed separately or with separate animus.

2

>B:  The trial court erred by imposing consecutive sentences for forty nine counts of pandering in violation of the Eighth Amendment of the United States Constitution and Section nine, Article I of the Ohio Constitution.
>
>C:  The appellant received ineffective assistance of appellate counsel in violation of appellant's Sixth Amendment rights secured under the United States Constitution.

(Capitalization and punctuation altered from the original.)  On July 21, 2010, the Ohio Supreme Court dismissed Dunkle's appeal as not involving any substantial constitutional question.

Dunkle filed in this court his petition for a writ of habeas corpus on July 12, 2011. Dunkle asserts three grounds for relief in his petition:

>GROUND ONE: Counsel was ineffective by failing to argue plain error in multiple count charging and sentencing.
>
>GROUND TWO:  Trial court erred by multiple sentencing where multiple counts were allied offenses of similar import.
>
>GROUND THREE:  Trial court erred by imposing consecutive sentences for all counts, in violation of U.S.C. [sic] 8th amendment.

Respondent filed an Answer/Return of Writ on November 9, 2011.  Doc. No. 11.  Dunkle filed a Traverse on March 14, 2012.  Doc. No. 18.  Thus, the petition is ready for decision.

## II

*A. Jurisdiction*

The Court of Common Pleas of Williams County, Ohio sentenced Dunkle. Dunkle filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

>Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective

3

> jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d).  Williams County is within this court's geographic jurisdiction.  This court has jurisdiction over Dunkle' petition.

Respondent argues, however, that Dunkle's second ground for relief is not cognizable in habeas proceedings and, therefore, is not within the court's subject matter jurisdiction.  Respondent is correct.

Dunkle argues in his second ground for relief that the trial court erred in sentencing him to consecutive sentences because the crimes were not committed separately or with a separate animus.  In his state appeals and in his Traverse, Dunkle makes clear that he believes the trial court erred because the sentence was not consistent with Ohio statutory and case law.  In reviewing the decision of state courts, this court does not consider questions of state law:

> "[F]ederal habeas corpus relief does not lie for errors of state law."  *Lewis v. Jeffers,* 497 U.S. 764 (1990);  see also *Pulley v. Harris,* 465 U.S. 37, 41 (1984). . . .  [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Thus, whether the Ohio courts erred under state law in sentencing Dunkle is a question beyond the jurisdiction of this court.  For this reason, Dunkle's second ground for relief should be dismissed as not within the court's subject matter jurisdiction.

*B.     Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings.  28 U.S.C. § 2254(e)(2).  There is no need for an evidentiary hearing in the instant case.  All of Dunkle's claims involve legal issues that can be independently resolved without additional factual inquiry.

*C.     Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus.  28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, the petitioner has not exhausted state remedies.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies.  *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."  *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986).  The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims.  *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Dunkle has no state remedies available for his claims.  Because no state

remedies remain available to him, Dunkle has exhausted state remedies.

D.     Procedural default

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Procedural default occurs when a petitioner fails to present fairly to the highest state court his claims in a federal constitutional context. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982). Moreover, a failure to present a claim to the highest court in the state deprives a federal court hearing a habeas petition of jurisdiction on that issue. *See McKeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Respondent argues that Dunkle has procedurally defaulted his first ground for relief, ineffective assistance of trial counsel. In his memorandum in support of jurisdiction to the Ohio Supreme Court, Dunkle argued that his appellate counsel had been ineffective for failing to raise ineffective assistance of trial counsel. He did not, however, argue ineffective assistance of trial counsel as an independent claim.

The Sixth Circuit has repeatedly held that raising a claim of ineffective assistance of appellate counsel in state court does not, by itself, preserve the underlying claims that appellate counsel allegedly defaulted. *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir.

2007); *see also White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005); *Roberts v. Carter,* 337 F.3d 609, 615 (6th Cir. 2003). The underlying claims must be raised independently to be preserved. Dunkle raised his claim of ineffective assistance of trial counsel in the Ohio Supreme Court only as a claim underlying his claim of ineffective assistance of appellate counsel. Thus, Dunkle failed to present fairly to the Ohio Supreme Court his claim of ineffective assistance of trial counsel. Consequently, he procedurally defaulted that claim.

Dunkle does not demonstrate cause and prejudice for his default, nor does he demonstrate that enforcing the default would result in a fundamental miscarriage of justice. For these reasons, Dunkle's first ground for relief should be dismissed as procedurally defaulted.

III.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Carey v. Musladin*, 549 U.S. ___, 127 S. Ct. 649, 653 (2006);

*Williams v. Taylor*, 529 U.S. 362, 379-90 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Carey*, 127 S. Ct., at 653.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court). A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* at 405-06. A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand. *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001). The court will examine Dunkle's remaining ground for relief using the deferential standard applied to state court rulings on the petitioner's claims.

Dunkle contends in his third ground for relief that the imposition of consecutive sentences in his case violates the Eighth Amendment's prohibition against cruel and unusual punishment. He argues that because his sentences were a violation of Ohio law and grossly disproportionate to his offenses, they violated the Eighth Amendment:

> [T]he petitioner is not required to discover and present parallel cases settled by

8

> the Supreme Court to substantiate his claim.  This Court need only apply logic and common sense to the instructions by the Supreme Court in such cases as *Ingraham v. Wright*, 430 U.S. 651, 667-672 (1977), *Solem v. Helm*, 463 U.S. 277, 292 (1983), and *Harmelin v. Michigan*, 501 U.S. 957 (1991).  Not only does prevailing precedent dictate when punishment is "grossly disproportionate to the severity of the offense," it violates the Eighth Amendment, but sentences imposed outside of the statutory limits also violates [sic] the Eighth Amendment.

Traverse at 9-10.  Dunkle errs, however, in his assertion that his sentence was outside Ohio's statutory limits on such offenses.  Dunkle also errs in his assertion that Supreme Court precedent dictates finding that his sentences were "grossly disproportionate to the severity of his offense."

Dunkle's sentences were not outside Ohio's statutory limits for his offenses.  The court sentenced Dunkle to two years' imprisonment on each of 49 counts of pandering in violation of Ohio Rev. Code § 2907.322(A)(5) and three years' imprisonment on each of four counts of illegal use of a minor in nudity-oriented material or performance in violation of Ohio Rev. Code § 2907.323(A)(2), the sentences to run consecutively for a total of 110 years.  Ohio's judges have full discretion to impose consecutive sentences. *See State v. Foster*, 109 Ohio St. 3d 1, 30, 845 N.E.2d 470, 498 (2006).  Dunkle's indictment describes pandering as a felony of the third degree and illegal use of a minor in nudity-oriented material or performance as a felony of the second degree.  Ohio's sentencing statutes provide that felonies of the third degree are punishable by a term of imprisonment of one to five years and that felonies of the second degree are punishable by a term of imprisonment of two to eight years.  Ohio Rev. Code § 2929.14(A)(2)-(3).  Thus, Dunkle's sentences, individually and collectively, were within the statutory maximum for his offenses and permitted by Ohio law.  A sentence within the statutory maximum for an offense generally does not constitute cruel and unusual punishment.

*Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).

Dunkle also argues that his consecutive sentences violated Ohio law, and thus the Eighth Amendment, because they violated the rule announced in *State v. Johnson*, 128 Ohio St. 3d 153, 942 N.E.2d 1061 (2010), overturning *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999). *See* Traverse at 4-7. Whether this argument is correct is beside the point. The Ohio Supreme Court published its decision in *Johnson* on December 29, 2010. The trial court filed Dunkle's revised sentence on November 17, 2009, and appellate review of Dunkle's sentence concluded on July 21, 2010, when the Ohio Supreme Court declined to accept jurisdiction over Dunkle's appeal. When *Johnson* promulgated a new rule for determining whether two offenses were allied offenses of similar import, it did not discuss the retroactive effect of that rule. The Supreme Court has held, in *Griffith v. Kentucky,* 479 U.S. 314, 326 (1987), that unless a new rule is explicitly given greater retroactive effect, a new rule for criminal prosecutions is to be applied to all cases, state or federal, not yet final or pending on direct review at the time the rule is promulgated. Because Dunkle had concluded direct review before the Ohio Supreme Court decided *Johnson* and the Ohio Supreme Court did not give the rule in *Johnson* greater retroactive effect, the rule in *Johnson* did not apply to Dunkle's case. The state courts, therefore, did not err in deciding his case pursuant to *Rance*. Dunkle's sentences were not outside Ohio's statutory limits for such sentences and did not, on that account, violate the Eighth Amendment.

Dunkle also errs in asserting that his sentences were grossly disproportionate to his crimes. "The Supreme Court has determined that strict proportionality between a crime and its punishment is not required." *United States v. Marks,* 209 F.3d 577, 583

10

(6th Cir. 2000) (citing *Harmelin,* 501 U.S. at 959-60).  Nor does the Eighth Amendment require that a sentence in a particular case be proportionate to the punishment imposed on others convicted of the same crime.  *Pulley v. Harris,* 465 U.S. 37, 43-44 (1984). Rather, "[t]he Supreme Court has articulated a 'narrow proportionality principle' whereby it held that only 'extreme sentences that are grossly disproportionate to the crime are prohibited.'"  *United States v. Flowal,* 163 F.3d 956, 963 (6th Cir. 1998) (quoting *Harmelin,* 501 U.S. at 995-97).  Because this "proportionality principle" is a narrow one, "only an extreme disparity between crime and sentence offends the Eighth Amendment."  *Marks,* 209 F.3d at 583.  Consequently, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare."  *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).  In *Rummel*, for example, the Supreme Court found that a sentence of life imprisonment for successive crimes of fraudulent use of a credit card, passing a forged check, and obtaining money by false pretenses under a recidivist statute was not cruel and unusual punishment.  And, as already observed, a sentence that is within the statutory maximum is not generally cruel and unusual punishment.  *Austin,* 213 F.3d at 302; *see also United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995); *Cowherd v. Million*, 2008 WL 162936, *4-*5 (6th Cir. Jan. 15, 2008).  Because Dunkle's sentences were within Ohio's statutory maximums, Dunkle has a heavy burden in proving that they nevertheless represent an "extreme disparity" between his sentences and his crimes.

The cases which Dunkle cites do not support his contention that his sentences were "grossly disproportionate" to his offenses or represent an "extreme disparity" between his sentences and his crimes.  *Ingrham* involved corporal punishment in

11

schools. In *Ingraham*, the Supreme Court declined to apply Eighth Amendment jurisprudence to the case because it found that the Eighth Amendment applied only to criminal cases. *Ingraham*, therefore, is not relevant to Dunkle's case. *Solem* stands for the proposition that punishments must be proportional to crimes. However, *Harmelin* explicitly overruled *Solem*. *See discussion in United States v. Warren*, 973 F.2d 1304, 1311 (6th Cir. 1992). Thus, *Solem* is not good law. The Supreme Court in *Harmelin* indeed held that the Eighth Amendment forbids extreme sentences that are "grossly disproportionate" to the crime." But *Harmelin* found that a sentence of life imprisonment without parole for possessing 650 grams of cocaine was *not* grossly disproportionate to the crime. Nothing in *Ingraham*, *Solem*, or *Harmelin* supports the conclusion that Dunkle's sentences violated the Eighth Amendment because they were grossly disproportionate to his crimes.

In addition, Dunkle's assertion that he "is not required to discover and present parallel cases settled by the Supreme Court to substantiate his claim" is not entirely accurate. To obtain habeas relief, Dunkle must demonstrate either that (1) the Supreme Court has held, in a case with facts materially indistinguishable from his own case, that a sentence such as his violates the Eighth Amendment or (2) the state courts correctly identified the Eighth Amendment principles at issue in Dunkle's case but unreasonably applied those principles to the facts of his case. Either alternative requires Dunkle to discover and present cases that resemble his. Dunkle cites no holding of the Supreme Court finding that a sentence of life imprisonment for dozens of counts of possession of child pornography violates the Eighth Amendment. Similarly, he does not cite any holding of the Supreme Court which would make the state courts'

12

applications of Eighth Amendment principles to his own case unreasonable. Having failed to make either demonstration, Dunkle cannot obtain habeas relief. For these reasons, Dunkle's third ground for relief, alleging a violation of the Eighth Amendment, should be dismissed as without merit.

IV.

For the reasons given above, Dunkle's second ground for relief should be dismissed as outside this court's subject matter jurisdiction; his first ground for relief should be dismissed as procedurally defaulted; and his third ground for relief should be dismissed as without merit. Thus, Dunkle's petition should be dismissed with prejudice.


Date:  March 30, 2012               /s/ *Nancy A. Vecchiarelli*
                                    United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**