UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

COY E. DUNKLE,  :     CASE NO. 3:11-CV-1413

    Petitioner, :

v. :     OPINION & ORDER
    [Resolving Doc. Nos. 1, 11, 19, 20]

KEITH SMITH, Warden, :

    Respondent. :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On July 12, 2011, Petitioner Coy E. Dunkle filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Dunkle seeks relief from the judgment and sentence imposed following his conviction on 49 counts of pandering sexually-oriented matter involving a minor and four counts of illegal use of a minor in nudity-oriented material or performance.[2] Respondent opposes this petition.[3] On March 30, 2012, Magistrate Judge Nancy A. Vecchiarelli recommended that the Court deny Petitioner's writ.[4] Petitioner Dunkle objects to the Report and Recommendation.[5] For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Petitioner Dunkle's petition for a writ of habeas corpus.

**I. Background**

On February 13, 2008 a Williams County grand jury indicted Dunkle on charges of rape,

---
[1] Doc. 1.
[2] *Id.*
[3] Doc. 11.
[4] Doc. 19.
[5] Doc. 20.

Case No. 3:11-CV-1413
Gwin, J.

pandering sexually oriented matter involving a minor, and illegal use of a minor in nudity-oriented material or performance.[6/] Petitioner Dunkle pleaded guilty to 49 counts of pandering sexually oriented matter involving a minor and four counts of illegal use of a minor in nudity-oriented material or performance.[7/] On November 20, 2008, the trial court sentenced Dunkle to prison for more than 100 years–two years incarceration for each of the 49 pandering counts and three years incarceration for each count of illegal use of a minor.[8/] The trial court ordered the sentences to run consecutively.[9/]

On November 24, 2008, Petitioner appealed to the Ohio Sixth Appellate District Court of Appeals.[10/] At that Court, Petitioner Dunkle raised two assignments of error: (1) the trial court erred by sentencing Petitioner on all forty-nine counts of pandering sexually oriented material involving a minor, because those counts were allied offenses of similar import without separate animus; and (2) the trial court's imposition of consecutive sentences for the forty-nine pandering counts violated the United States Constitution's Eighth Amendment and the Ohio Constitution.[11/]

In a March 12, 2010 opinion, the state appellate court affirmed Petitioner's convictions.[12/] The state appellate court found that the trial court did not err in sentencing Dunkle on all 49 counts of pandering because Dunkle waived this argument by failing to raise the issue at trial.[13/] The appellate court additionally found "no indication" that Petitioner Dunkle committed the acts "as the

---

[6/] Doc. 11-1.
[7/] Doc. 11-3.
[8/] Doc. 11-9.
[9/] *Id.*
[10/] Doc. 11-5.
[11/] Doc. 11-6 at 7, 11.
[12/] *See* Doc. 11-11.
[13/] *State v. Dunkle*, 201-Ohio-938 at ¶ 10 (Ohio Ct. App. Mar. 12, 2010).

-2-

Case No. 3:11-CV-1413
Gwin, J.

result of a single act, transaction or animus."[14] With regard to Petitioner Dunkle's second claimed error, the appellate court held that the consecutive sentence did not violate Dunkle's Eighth Amendment rights against cruel and unusual punishment.[15] The court held that the individual sentences fell within the statutory range of available sentences and thus the "aggregate prison term resulting from consecutive sentences does not constitute cruel and unusual punishment."[16]

On April 15, 2010, Petitioner Dunkle filed a *pro se* Notice of Appeal with the Supreme Court of Ohio.[17] In his Memorandum in Support of Jurisdiction, Dunkle raised the two arguments he made on direct appeal and also said that he received ineffective assistance of appellate counsel.[18] In its July 21, 2013 order, the Supreme Court of Ohio dismissed Petitioner's appeal, finding it did not involve "any substantial constitutional question."[19]

On July 11, 2011, Petitioner Dunkle filed a *pro se* petition for a writ of habeas corpus in this Court.[20] He raising the following grounds for relief:

> GROUND ONE: Counsel was ineffective by failing to argue plain error in multiple count charging and sentencing. . . . GROUND TWO: Trial court erred by multiple sentencing where multiple counts were allied offenses of similar import. . . . GROUND THREE: Trial court erred by imposing consecutive sentences for all counts in violation of U.S.C. [sic] 8th Amendment.[21]

In response, the State filed a return of writ opposing the petition.[22] After seeking the Court's

---

[14] *Id.* at ¶ 11.
[15] *Id.* at ¶ 18.
[16] *Id.* at ¶ 15.
[17] Doc. 11-12.
[18] Doc. 11-13.
[19] Doc. 11-15.
[20] Doc. 1.
[21] *Id.* at 5-8.
[22] Doc. 11.

Case No. 3:11-CV-1413
Gwin, J.

permission, Petitioner Dunkle filed a March 14, 2012 Traverse.[25/] Then, Magistrate Judge Vecchiarelli filed a Report and Recommendation suggesting the Court deny Petitioner Dunkle's petition.[26/]

Petitioner Dunkle makes two objections to Magistrate Judge Vecchiarelli's Report and Recommendation.[27/] First, Petitioner Dunkle objects to Magistrate Judge Vecchiarelli's finding that state law underlay his second ground for habeas relief and thus that his second ground was not cognizable in habeas.[28/] Dunkle says that his claim clearly "is within the court's subject matter jurisdiction."[29/] Second, Petitioner generally objects, saying the Report and Recommendation is "contrary to the controlling precedents asserted in his petition and in his Traverse."[30/] The Court considers each of the Dunkle's objections below.

## II. Legal Standard

The Federal Magistrates Act requires a district court to "make a *de novo* determination of those portions of [a Report and Recommendation] to which objection is made."[31/] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits federal-court review of a state prisoner's petition for habeas corpus. A federal court may not grant relief on a claim adjudicated on the merits in state court unless the state-court adjudication either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application or, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted

---

[25/] Doc. 18.
[26/] Doc. 19 at 1.
[27/] Doc. 20.
[28/] *Id.*
[29/] *Id.* at 2.
[30/] *Id.* at 3.
[31/] 28 U.S.C. § 636(b)(1)(C).

-4-

> in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[32]

With this in mind, the Court now turns to Dunkle's petition.

### III. Analysis

**A. Petitioner's Objection Regarding His Second Ground for Relief**

Petitioner Dunkle objects to Magistrate Judge Vecchiarelli's finding that this Court's subject matter jurisdiction does not include Dunkle's second ground for relief.[33] He says that "his second grounds [sic] for relief is, at its very essence, a violation of the Fifth Amendment[']s Double Jeopardy Clause" and is therefore a cognizable claim in federal habeas.[34] This argument loses.

Recall that Petitioner Dunkle bases his second ground for relief on his belief that the Ohio trial court erred in sentencing him to multiple sentences for "allied offenses of similar import."[35] More specifically, recall that Dunkle says that the trial court erred because the sentence handed down does not comport with Ohio state law.[36]

"[F]ederal habeas corpus relief does not lie for errors of state law. . . ."[37] In habeas proceedings, it "is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," rather a federal court must only determine "whether a conviction violated the Constitution, laws, or treaties of the United States."[38]

The portion of Petitioner Dunkle's petition and traverse about ground two never asserted a

---

[32] 28 U.S.C. § 2254(d).
[33] Doc. 20.
[34] *Id.* at 2.
[35] *Id.* at 2-3.
[36] Dunkle specifically cites O.R.C. § 2941.25.
[37] *Lewis v. Jeffers*, 497 U.S. 764, 765 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984).
[38] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Case No. 3:11-CV-1413
Gwin, J.

violation of a federal right or included federal case law, except to describe the standard for plain error.[39/] Dunkle merely says that the trial court violated O.R.C. § 2941.25 and that this state law is intended to protect both federal and state constitutional rights. This is not the same as framing his claim as a violation of a federal right cognizable in habeas. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."[40/] As Magistrate Judge Vecchiarelli correctly concluded, whether the Ohio court violated O.R.C. § 2941.25 at Petitioner's sentencing comprises an issue of state law beyond the jurisdiction of this Court.

Dunkle is unable to now – through his objection – convert his state law claim into a claim grounded in an alleged violation of his federal rights. This is because Dunkle must have satisfied the procedural requirements for habeas review under 28 U.S.C. § 2254(b)(1)(A), and he has not.

Dunkle must "fairly present to the state courts either the substance or substantial equivalent of the federal claim that he is presenting to the federal habeas court."[41/] Additionally, the final state court decision on the issue must "fairly appear to rest primarily on federal law or to be interwoven with such law."[42/] When a petitioner fails to present his claim to the state court or when a state court dismisses the claim on an adequate and independent state procedural ground, the petitioner procedurally defaults that claim in habeas.[43/]

Recall that Petitioner Dunkle made clear in his state appeals that his allied offenses claim was grounded in his belief that the trial court erred because the sentence was not consistent with Ohio statutory and case law. Recall he did not cite a specific violation of his federal constitutional rights

---

[39/] *See* Doc. 18 at 4-7.
[40/] *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997)(citing cases) (quotation marks omitted) (alteration in the original) (finding waiver where the plaintiffs offered "no real analysis" regarding their state law false-arrest claim).
[41/] *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004).
[42/] *Coleman v. Thompson*, 501 U.S. 722, 740 (1991).
[43/] *See id.* at 729-30.

Case No. 3:11-CV-1413
Gwin, J.

or demonstrate that the Ohio Court of Appeals' failure to determine that the offenses at issue were allied offenses was contrary to or an unreasonable application of clearly established federal law. In fact, Petitioner Dunkle did not claim a violation of a federal right to the state courts.[26]

Even more important, the state appellate court did not rely on federal law or have federal law interwoven with its reasoning.[27] Rather, the state appellate court found that Dunkle waived his right to assert his allied offenses claim by failing to raise the issue earlier.[28]

Ohio has a contemporaneous objection rule that requires a party to object to error in the trial court when it occurs and can still be corrected.[29] The Ohio Supreme Court applies this rule to "failures to object that convictions are for allied offenses of similar import."[30] And, the Sixth Circuit has repeatedly held that Ohio's contemporaneous objection rule is an adequate and independent state ground.[31] Therefore, the Court finds that even if Petitioner Dunkle's second ground for habeas relief could somehow be interpreted as a Fifth Amendment Double Jeopardy claim, Dunkle has procedurally defaulted it.

The only way for Petitioner Dunkle to overcome procedural default is to make a showing of

---

[26] *See* Docs. 11-6, 11-13.

[27] Additionally, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving a substantial constitutional issue. *See* Doc. 11-15.

[28] *Dunkle*, at ¶ 10.

[29] *See State v. Brown*, 528 N.E.2d 523, 533 (Ohio 1988) ("A proper objection must be raised at trial to preserve error.") (citations omitted); *State v. Glaros*, 166 N.E.2d 379, 382 (Ohio 1960) ("It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.")

[30] *See, e.g., State v. Comen*, 553 N.E.2d 640, 646 (Ohio 1999) (holding that defendant's failure to object to convictions or sentencing at the trial level waived his contention of allied offenses of the same import on appeal); *see also McDonald v. Warden, Chillicothe Corr. Inst.*, 1:09-CV-589, 2010 WL 4683946, at *3 (S.D. Ohio Aug. 23, 2010), *report and recommendation adopted*, 1:09-CV-589, 2010 WL 4683942 (S.D. Ohio Nov. 12, 2010) (applying the contemporaneous objection rule to failures to object that convictions are for allied offenses of similar import).

[31] *See, e.g., Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003) (citing *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001)).

Case No. 3:11-CV-1413
Gwin, J.

cause and prejudice.[32] Petitioner Dunkle asserts neither. Therefore, the Court finds Petitioner's objection based on ground two fails.

**B. Petitioner's General Objection**

Petitioner Dunkle also asserts a general objection, saying that the Magistrate Judge's Report and Recommendation is "contrary to the controlling precedents asserted in his original petition and in his Traverse."[33] Petitioner Dunkle's general objection to the Report and Recommendation fails.

The case law that the Magistrate Judge's Report and Recommendation contains is not contrary to Sixth Circuit precedent. This Court has reviewed the authorities upon which Magistrate Judge Vecchiarelli relies. These authorities are controlling and Magistrate Judge Vecchiarelli has appropriately applied the authorities to each of Petitioner Dunkle's three grounds for relief. Furthermore, Petitioner does not offer any specific arguments as to how the case law in the Magistrate Judge's Report and Recommendation is contrary to applicable and controlling precedent on the issues. Petitioner Dunkle's petition cites no federal law.[34] And, Magistrate Judge Vecchiarelli's Report and Recommendation does not contradict the federal law contained in Petitioner Dunkle's Traverse.

Rather, the federal law Petitioner Dunkle cites is inapplicable to his case. Petitioner's Traverse cites *United States v. Olano*,[35] *Ingraham v. Wright*,[36] *Solem v. Helm*,[37] and *Harmelin v.*

---

[32] *See* 28 U.S.C. § 2254.
[33] Doc. 20 at 3.
[34] *See* Doc. 1.
[35] 507 U.S. 725, 732-35 (1993).
[36] 430 U.S. 651, 667-72 (1977).
[37] 463 U.S. 277, 292 (1983).

-8-

Case No. 3:11-CV-1413
Gwin, J.

*Michigan*.[38] Specifically, Petitioner cites *Olano* for its definition of plain error and urges the Court to find plain error with regard to his first and second ground for relief. But, a plain error analysis is not relevant here. As Magistrate Judge Vecchiarelli concluded, Petitioner procedurally defaulted his first ground for relief and his second ground did not comprise a cognizable claim in habeas.[39]

Furthermore, Magistrate Judge Vecchiarelli concluded in her Report and Recommendation that "[n]othing in *Ingraham, Solem,* and *Harmelin* support the conclusion that Dunkle's sentences violate the Eighth Amendment because they were grossly disproportionate to his crime."[40] The Court agrees. *Ingraham* concerns corporal punishment in schools and thus is not relevant here.[41]

While *Solem* stands for the proposition that punishments must be proportional to crimes, Magistrate Judge Vecchiarelli correctly concluded that Sixth Circuit has held that *Harmelin*'s prohibition on "grossly disproportionate" sentences revised *Solem*'s proportionality rule.[42] Thus, this Court cannot apply *Solem*'s test to Petitioner's sentence.

And, *Harmelin*'s holding supports a finding that even "severe" penalties are permissible.[42] As Magistrate Judge Vecchiarelli recognized in her Report and Recommendation, because Petitioner Dunkle's sentence is within Ohio's statutory limits for the offenses, such statutorily-permitted sentences "generally do . . . not constitute cruel and unusual punishment."[43] Therefore, *Harmelin* does not help Petitioner either.

Accordingly, the Court overrules Petitioner Dunkle's general objection to the Magistrate

---

[38] 501 U.S. 957 (1991).

[39] Doc. 19 at 4, 6.

[40] Doc. 19 at 12.

[41] 430 U.S. 651, 667-72 (1977).

[42] *See* Doc. 19 at 12 (citing *United States v. Warren*, 973 F.2d 1304, 1311 (6th Cir. 1992)).

[42] *Harmelin*, 501 U.S. at 960.

[43] Doc. 19 at 9-10 (citing *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000)).

Case No. 3:11-CV-1413
Gwin, J.

Judge's Report and Recommendation.

## IV. Conclusion

For these reasons, the Court overrules Dunkle's objections, **ADOPTS** Magistrate Judge Vecchiarelli's recommendation, and **DENIES** Dunkle's petition. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[44]

IT IS SO ORDERED

Dated: October 9, 2013                    s/        *James S. Gwin*
                                                                        JAMES S. GWIN
                                                                        UNITED STATES DISTRICT JUDGE

---

[44] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).